| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| THE UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CRIMINAL NO. 4:11-CR-127(13) |
| | § | |
| BAJUNE MOSEBY | § | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER OF DETENTION**

Pending before the court is Defendant Ba-June Moseby's ("Moseby") Motion to Reconsider and/or Reopen the Court's Detention Order (#276), Motion for Revocation or Amendment of the Orders (#292), Motion to be Released Immediately (#329), Notice of Appeal of Detention Order (#355), and Motion for Injunction Relief Pending Appeal (#370) and the United States' Notice of Correction (#324) and Response to Defendant's Motion to Dismiss and Motion for Injunction (#373). After reviewing the motions and the responses, reading the transcript of the detention hearing held on June 24, 2011, the transcript of the detention hearing held on October 3, 2011, and the transcript of the hearing on Defendant's Motion to Reopen Detention Hearing held on April 26, 2012, examining Magistrate Judge Don Bush's Orders of Detention dated June 28, 2011, March 6, 2012, April 27, 2012, and May 14, 2012, and considering the matter *de novo* pursuant to 18 U.S.C. § 3145, the court is of the opinion that the orders of detention should be AFFIRMED and Moseby's motions should be DENIED.

Moseby is charged by indictment with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846. The conspiracy is alleged to span the period from June 2006 until June 2011. If Moseby is convicted of this offense, he could be imprisoned from 10 years to life, fined up to $10,000,000, and placed on supervised release

for at least 5 years. Having found that there is probable cause to believe that Moseby has committed an offense for which the maximum sentence is life imprisonment and a penalty of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, a rebuttable presumption exists that he is a flight risk and a danger to the community. *See* 18 U.S.C. § 3142(e).

The testimony and other evidence adduced at the hearings establish by a preponderance of the evidence that Moseby poses a flight risk and by clear and convincing evidence that he constitutes a danger to the community. Special Agent Richard Gardener ("Gardener") of the Drug Enforcement Administration testified at the initial detention hearing that when Moseby was arrested at his residence in Arlington, Texas, on June 20, 2011, agents found an unsecured AR-15 rifle and .40 caliber Ruger pistol along with accompanying ammunition in the apartment that he shared with his 6-year-old son. In addition, agents discovered the equipment, literature, and set-up for a large-scale marijuana grow operation with everything but the seeds planted. Moseby indicated to officers that he intended to grow marijuana. In addition, agents found marijuana residue in an ashtray, which is consistent with Moseby's admission to Pretrial Services that he smoked marijuana daily. According to Gardener, when law enforcement officers started to remove the equipment from the residence, Moseby's son asked, "Why are you moving my daddy's stuff?"

Moseby, age 40, had resided in Arlington for only a few months prior to his arrest. He reported previously living in Indiana, Missouri, and Florida. He apparently had sole custody of his son, as the child's mother passed away in 2010. His son is currently living with relatives and is attending school in Indianapolis, Indiana. Moseby was unemployed at the time of his arrest,

and, although afforded several opportunities by the magistrate judge, has been unable to furnish valid evidence of a legitimate, stable job offer in the Dallas area that is untainted by criminal elements. He has a significant substance abuse problem, smoking marijuana first at age 10 and using it on a daily basis at the time of his arrest. Although Moseby was arrested seven times in Indiana for a variety of offenses, including possession of a controlled substance and possession of marijuana, he was convicted only once—for operating a vehicle while intoxicated—and was placed on probation.

In view of the nature and circumstances of the offense charged, the large quantity of drugs involved, his lack of employment, his lack of ties to the community, his criminal history, his history of substance abuse, his openly exposing a young child to dangerous weapons and drugs, the substantial penalties he is facing if convicted, and the recommendation of Pretrial Services that he be detained, Moseby's pretrial release is not warranted. Moseby has not rebutted the presumption that he poses a risk of flight and a danger to the community. *See United States v. Rueben*, 974 F.2d 580, 586-87 (5th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993); *United States v. Hare*, 873 F.3d 796, 798-99 (5th Cir. 1989).

Accordingly, in conformity with the orders of detention dated June 28, 2011, March 6, 2012, April 27, 2012, and May 14, 2012, Moseby shall remain in custody pending trial. As Judge Bush indicated in his last two orders, the issue of detention is closed, and the court will not entertain any further motions on the subject.

SIGNED at Beaumont, Texas, this 9th day of July, 2012.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE