| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 4:11-CR-127 |
| | § | |
| JAMES R. ROMANS | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant James R. Romans's ("Romans") Motion to Dismiss for Lack of Venue (#526), wherein he argues that there is no evidence that the alleged conspiracy began, continued, or was completed in the Eastern District of Texas. Having considered the motion, the response, and the applicable law, the court is of the opinion that the motion should be denied.

The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed . . . ." U.S. CONST. amend. VI. In addition, Rule 18 of the Federal Rules of Criminal Procedure directs that "unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. Congress has provided, however, that a federal offense committed in more than one federal district "may be inquired of or prosecuted in any district in which such offense was begun, continued or completed." 18 U.S.C. § 3237(a). Thus, "venue in conspiracy cases is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed." *United States v. Pomranz*, 43 F.3d 156, 158-59 (5th Cir.), *cert. denied*, 516 U.S. 986 (1995) (citing *United States v. Winship*, 724 F.2d 1116, 1125 (5th Cir. 1984)); *accord United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009); *United*

*States v. Gonzalez*, 236 F. App'x 962, 964 (5th Cir. 2007); *United States v. Solis*, 299 F.3d 420, 445 n.77 (5th Cir.), *cert. denied sub nom. Mendez v. United States*, 537 U.S. 1060 (2002). "The Supreme Court has approved this rule despite its dilutent effect upon venue rights, permitting trials of defendants in districts where they have never set foot." *Winship*, 724 F.2d at 1125 (citing *Hyde v. United States*, 225 U.S. 347, 362 (1912)). Furthermore, the United States Court of Appeals for the Fifth Circuit has held that "the prosecution need only show the propriety of venue by a preponderance of the evidence, not beyond a reasonable doubt." *United States v. Santos*, 203 F. App'x 613, 617 (5th Cir. 2006); *accord United States v. Walker*, 348 F. App'x 910, 911 (5th Cir. 2009); *United States v. Carreon-Palacio*, 267 F.3d 381, 390 (5th Cir. 2001); *Winship*, 724 F.2d at 1124; *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980).

The First Superseding Indictment ("Indictment") charges Romans with conspiracy to possess with the intent to distribute marijuana in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The Indictment clearly alleges that the charged violations occurred in the Eastern District of Texas and elsewhere. Moreover, the Government asserts that, at trial, the evidence will show that some portion of the marijuana and/or proceeds involved in this conspiracy was transported through the Eastern District of Texas and that evidence linking Romans to this conspiracy was found in the Eastern District of Texas. Thus, venue as to the conspiracy charge is proper in the Eastern District of Texas. Regarding the firearm charge, if venue is proper as to the underlying conspiracy, it is proper as to a violation of § 924(c). *See Pomranz*, 43 F.3d at 162.

Accordingly, Romans's Motion to Dismiss for Lack of Venue is DENIED.
SIGNED at Sherman, Texas, this 13th day of September, 2012.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE